Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN E. JETTE, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| OCWEN LOAN SERVICING, LLC, a limited liability company; and DOES 1 through 10, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

1) This is an action brought by SUSAN E. JETTE ("Plaintiff") for violation of the California Homeowner Bill of Rights ("HBOR"), the Real Estate Settlement Procedures Act ("RESPA), and various common law causes of action.

## II. JURISDICTION AND VENUE

2) Federal jurisdiction arises under 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3) Jurisdiction of this Court further arises under diversity jurisdiction, 28 U.S.C. §1332(a). Plaintiff is a citizen of California. Defendant OCWEN LOAN SERVICING, LLC ("Defendant") has its principal place of business in Florida. Plaintiff and Defendant are thus completely diverse.

4) Plaintiff is informed, believes, and alleges the amount in controversy exceeds $75,000. This action is in regards to real property located at 1347 7th St., Oroville, CA 95965 ("Plaintiff's Home"). Plaintiff's Home's value is in excess of $75,000 and Defendants are seeking to wrongfully divest Plaintiff of her home. Plaintiff is also seeking damages in excess of $75,000.

5) Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

### III.  PARTIES

6) Plaintiff is the borrower on a loan serviced by Defendant.

7) Plaintiff at all times relevant sought a "foreclosure prevention alternative" as defined by Civil Code § 2950.5(b).

8) Defendant at all times relevant was a corporation doing business in Shasta County, California operating from an address at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409. Defendant is a "mortgage servicer" as defined by Civil Code § 2920.5(a).

9) Defendant services Plaintiff's "first lien" loan as defined by Civil Code § 2920.5(d).

10) The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused

injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

### IV.  FACTUAL ALLEGATIONS

11) Plaintiff provided Defendant a completed application for a mortgage loan modification by the middle of April 2014.

12) On April 22, 2014 Plaintiff had a meeting with Defendant's representative Mr. Vi Daniels via telephone.

13) Mr. Daniels confirmed that Defendant was in possession of a completed modification application.

14) Mr. Daniels stated that the paperwork had been sent to the underwriters and that there was no problem in terms of requiring any additional paperwork.

15) Mr. Daniels further stated he was sending the underwriters an email that would work as some sort of recommendation.

16) Plaintiff requested to be copied on the email but Mr. Daniels said that would not be possible.

17) Mr. Daniels stated that Defendant would work on her case and come up with a determination relatively soon.

18) Defendant scheduled a telephonic appointment with Plaintiff for May 19, 2014 at 1:30 p.m.

19) At the May 19 appointment Defendant informed Plaintiff that her application was approved, accepted and was "under review" and had been "under review since April 29" or words to that effect.

20) Defendant's representative stated that a reply would be coming soon and further stated, "It looks good. I hope you get a mortgage modification soon" or words to that effect.

21) Defendant's representative stated to Plaintiff that it might be a good idea to update her paystubs.

22) Plaintiff immediately faxed in her paystubs.

23) Defendant and Plaintiff then scheduled another telephonic appointment for June 3, 2014.

24) On June 3, 2014 Defendant failed to keep the appointment.

25) Plaintiff called Defendant the following day and spoke to a representative named Karen Guzman who stated that a mortgage modification had been suspended because Defendant did not receive a letter of explanation regarding Plaintiff's 2012 taxes and a Schedule E.

26) Plaintiff had previously provided this information.

27) Ms. Guzman then stated, "Oh, I see it is on file. I will make another copy of the letter of explanation and send it to the reviewers so we can get this mortgage modification process back on track" or words to that effect.

28) Defendant then asked Plaintiff to call back next week to check on the status of the modification.

29) Despite having a complete loan modification application and reviewing Plaintiff for a loan modification, Defendant then recorded a notice of trustee's sale of Plaintiff's Home on or about June 3, 2014.

30) Plaintiff has been informed that a foreclosure sale is scheduled for July 1, 2014.

## V.  FIRST CLAIM FOR RELIEF

**(Violation of the Homeowner Bill of Rights)**

31) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

32) Plaintiff provided Defendant with a complete application for a first lien loan modification.

33) Plaintiff provided Defendant with all documents required by Defendant within the reasonable time frame specified by Defendant.

34) Defendant was thus in possession of Plaintiffs' complete application for a first lien loan modification application, pursuant to Civil Code §2923.6(c).

35) By recording the Notice of Sale while Plaintiffs' complete first lien loan

modification application was pending, Defendant violated Civil Code §2923.6(c), which prohibits a mortgage servicer from recording a notice of default while an application is pending.

36) Additionally, because Defendant filed the Notice without notifying Plaintiff that she was ineligible for modification, Defendant did not provide Plaintiff with the 30-day minimum statutory wait time pursuant to Civil Code §§2923.6(d) and (e).

37) Defendant did not provide Plaintiff sufficient time under Civil Code §2923.6(d) to appeal any denial and provide evidence that Defendant's determination was in error before recording the Notice.

38) Defendant also failed to provide written notice compliant with Civil Code §§2923.6(f).

39) As a result of Defendant's conduct as alleged above, Plaintiff is at risk of the wrongful sale of her home.

40) Plaintiff seeks damages according to proof and seeks to enjoin the sale of her home.

## VI.  SECOND CLAIM FOR RELIEF

**(Violation of RESPA, 25 USC §2601, et seq. and Regulation X, 12 CFR 1024.1 et seq.)**

41) Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

42) The subject transaction described above is a federally-related mortgage loan as defined in 12 USC §2602(1), therefore is subject to RESPA.

43) Defendant violated 12 CFR 1024.41(b) by failing to properly review Plaintiff's loss mitigation application and provide the appropriate notices.

44) Defendant violated 12 CFR §1024.41(c) by failing to provide written notice of the determination of Plaintiff's application for loan modification, and the remaining options available to Plaintiff.

45) Defendant violated 12 CFR §1024.41(d) by failing to provide the proper notices required under this section.

46) Defendant violated 12 CFR §1024.41(g) by recording a Notice of Sale while Plaintiff was under review for a loan modification.

47) As a result of Defendant's violations, Plaintiff has suffered actual damages and emotional distress over facing the loss or possible of her home through foreclosure.

### VII. THIRD CLAIM FOR RELIEF
### (Fraud / Concealment)

48) Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

49) Defendant intentionally misled Plaintiff to prevent her from pursuing alternatives to foreclosure.

50) Defendant did not disclose to Plaintiff its intention to foreclose on Plaintiff's Home.

51) Instead Defendant continually represented to Plaintiff that she was under review for a modification and not in threat of foreclosure.

52) These facts were material to Plaintiff's analysis that would have been undertaken in determining her course of action to avoid foreclosure. Had Plaintiff known the true information she would have acted differently.

53) By concealing this information, Defendant intended to induce Plaintiff to alter her position to her detriment.

54) Plaintiff was harmed by Defendant's actions. Plaintiff's reliance on Defendant's promise was a substantial factor in causing his harm.

### VIII. FOURTH CLAIM FOR RELIEF
### (Negligent Misrepresentation)

55) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

56) Defendant represented to Plaintiff that important facts were true.

57) The above-alleged representations that Plaintiff would be considered for a loan modification were false.

58) Plaintiff reasonably relied on Defendant's representation as Defendant was the servicer of the Loan and a sophisticated financial institution.

59) Defendant's representations were not true.

60) Defendant had no reasonable grounds for believing the representations were true when they made the representations.

61) Defendant intended that Plaintiff rely on these representations.

62) Plaintiff was harmed.

63) If Plaintiff was not advised that she would be considered for a loan modification, she would have sought other foreclosure prevention alternatives.

64) Plaintiff's reliance on the representations was a substantial factor in causing their harm.

65) Plaintiff's damage was the result of the reliance on the misrepresentations that Plaintiff would be considered for a loan modification.

66) As a result of the above violations, Defendant is liable to Plaintiff for actual damages and costs.

## IX. FIFTH CLAIM FOR RELIEF
### (Negligence)

67) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

68) Defendant owed Plaintiff a duty to not make material misrepresentations about the status of Plaintiff's application for a loan modification.

69) Defendant had a duty to accurately represent the status of Plaintiff's loan modification request.

70) Defendant had a duty to comply with the mortgage servicing standards imposed by RESPA and HBOR.

71) Plaintiff provided Defendant with a complete application for a first lien loan modification.

72) Plaintiff provided Defendant with all documents required by Defendant

within reasonable time frames.

73) Defendant was thus in possession of a complete application for a first lien loan modification

74) Defendant wrongfully filed the Notice while the complete first lien loan modification application was pending.

75) Defendant failed to provide the required notifications to Plaintiff of its intention to move forward with foreclosure.

76) Defendant undertook the activity of reviewing and processing Plaintiffs' loan modification application.

77) Had Defendant exercised ordinary care and skill, it would not have recorded a Notice of Default on Plaintiff's home while reviewing Plaintiff's loan modification application.

78) Based on the foregoing, Defendant breached its duty to exercise due care, causing Plaintiff damages.

79) Defendant's conduct was the actual and proximate cause of Plaintiff's damages.

80) As result of Defendant's conduct as alleged above, Plaintiff suffered harm. Plaintiff seek damages according to proof.

## X. SIXTH CLAIM FOR RELIEF

### (Violations of Business and Professions Code §17200)

81) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

82) Defendant's conduct as set forth herein constitutes unfair or deceptive acts or practices, including its violation of HBOR and RESPA

83) Defendant's conduct as set forth herein has been unfair in violation of section 17200 because the acts or practices violate established public policy, and because the harm it caused to consumers in California greatly outweighs any benefits associated with those practices.

84) Defendant's conduct as set forth herein may result in the loss of Plaintiff's Home if Defendants are permitted to proceed with foreclosure.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against all Defendants for the following:

    (a)    Rescission of the Notice of Sale;
    (b)    Enjoin any foreclosure proceedings by Defendants or its agents;
    (c)    Actual damages;
    (d)    Costs and reasonable attorney's fees;
    (e)    Statutory damages pursuant;
    (f)    Punitive damages; and
    (g)    For such other and further relief as the Court may deem just and proper.

Date: June 17, 2014                      _____s/ Jeremy S. Golden_____
                                            Jeremy S. Golden
                                            Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: June 17, 2014                      _____s/ Jeremy S. Golden_____
                                            Jeremy S. Golden
                                            Attorney for Plaintiff