**BRYAN CAVE LLP**
C. Scott Greene, California Bar No. 277445
Goli Mahdavi, California Bar No. 245705
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:      (415) 675-3400
Facsimile:       (415) 675-3434
Email:            scott.greene@bryancave.com
                     goli.mahdavi@bryancave.com

Attorneys for Defendant
OCWEN LOAN SERVICING, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN E. JETTE,<br><br>             Plaintiff,<br><br>       v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>             Defendants. | Case No.  2:14-cv-01451-JAM-CMK<br><br>**STIPULATED PROTECTIVE ORDER** |

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not impact the power of the Court to fashion Protective Orders under F.R.Civ.P. 26(c).

The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order is subject to the provisions of Civil Local Rule 141, which sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside Counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or in connection with discovery related to this matter.

2.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

2.8 <u>Counsel</u> (without qualifier): Outside Counsel of record and In-House Counsel (as well as their support staffs).

2.9 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.10 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or Counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. The Court will retain jurisdiction to enforce the terms of the order for 6 months after final termination of the action.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

1    Designation in conformity with this Order requires:

2        (a)    <u>for information in documentary form</u> (apart from transcripts of depositions

3 or other pretrial or trial proceedings), that the Producing Part affix the legend

4 "CONFIDENTIAL" on each page that contains protected material.  If only a portion or portions

5 of the material on a page qualifies for protection, the Producing Party also must clearly identify

6 the protected portion(s) (e.g., "CONFIDENTIAL").

7    A Party or non-party that makes original documents or materials available for

8 inspection need not designate them for protection until after the inspecting Party has indicated

9 which material it would like copied and produced.  During the inspection and before the

10 designation, all of the material made available for inspection shall be deemed

11 "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and

12 produced, the Producing Party must determine which documents, or portions thereof, qualify for

13 protection under this Order, then, before producing the specified documents, the Producing Party

14 must affix the appropriate legend ("CONFIDENTIAL") at the top of each page that contains

15 Protected Material.  If only a portion or portions of the material on a page qualifies for protection,

16 the Producing Party also must clearly identify the protected portion(s) (e.g., by making

17 appropriate markings in the margins) and must specify, for each portion ("CONFIDENTIAL")

18        (b)    <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,

19 designation of the portion of the transcript (including exhibits) which contains

20 "CONFIDENTIAL" information shall be made by a statement to such effect on the record in the

21 course of the deposition or, upon review of such transcript, by Counsel for the Person to whose

22 "CONFIDENTIAL" material the deponent has had access, said Counsel shall designate within

23 thirty days after Counsel's receipt or the transcript.  Counsel shall list on a separate piece of paper

24 the numbers of the pages of the transcript containing any "CONFIDENTIAL" information,

25 inserting the list at the end of the transcript, and mailing copies of the list to Counsel for all

26 Parties so that it may be affixed to the face of the transcript and each copy thereof.  Pending such

27 designation by Counsel, the entire deposition transcript, including exhibits, shall be deemed

28

237878.1\C080300\0370910     - 4 -
STIPULATED PROTECTIVE ORDER

"CONFIDENTIAL."  If no designation is made within thirty days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" material.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL."

5.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by meeting and conferring with Counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may oppose the designation pursuant to Civil Local Rule 141.  Each such opposition must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.      <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) the Court and its personnel and the Jury;

(d) any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff;

(e) Professional Vendors (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, a representative of whom has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A) Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) persons who appear on the face of the Protected Material as an author, addressee, or recipient thereof;

(i) the author of the document or the original source of the information.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

In the event any Receiving Party having possession, custody or control of any "CONFIDENTIAL" material receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, from a non-party to this action, such Receiving Party shall immediately notify Counsel for the Designating Party of the subpoena or other process or order, furnish Counsel for the Designating Party with a copy of said subpoena or other process or order in sufficient time for the Designating Party to have the opportunity to take

237878.1\C080300\0370910          - 7 -
STIPULATED PROTECTIVE ORDER

1  the necessary steps to quash or otherwise object to the subpoena, and cooperate with respect to all
2  reasonable procedures sought.  The Designating Party shall have the burden of defending against
3  such subpoena, process, or order.  The Receiving Party shall be entitled to comply with it except
4  to the extent the Designating Party has promptly notified the Receiving Party of its intent to take
5  immediate legal action to quash the subpoena, or otherwise protect the "CONFIDENTIAL
6  MATERIAL," in which case the Receiving Party shall not produce such documents while such
7  legal proceedings are pending or if the Designating Party is successful in obtaining an order
8  modifying or quashing the subpoena or other process or order.

9   The purpose of imposing these duties is to alert the interested parties to the existence of
10 this Protective Order and to afford the Designating Party in this case an opportunity to try to
11 protect its confidentiality interests from the subpoena or Court order.  The Designating Party shall
12 bear the burdens and the expenses of seeking protection in that court of its confidential material—
13 and nothing in these provisions should be construed as authorizing or encouraging a Receiving
14 Party in this action to disobey a lawful directive from another court.

15   9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

16   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
17 Material to any person or in any circumstance not authorized under this Stipulated Protective
18 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the
19 unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)
20 inform the person or persons to whom unauthorized disclosures were made of all the terms of this
21 Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to
22 Be Bound" that is attached hereto as Exhibit A.

23   10.  FILING PROTECTED MATERIAL

24   Without written permission from the Designating Party or a court order secured after
25 appropriate notice to all interested persons, a Party may not file in the public record in this action
26 any Protected Material.  A Party that seeks to file under seal any Protected Material must comply
27 with Civil Local Rule 141.
28

11.     FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.     MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    No Diminishing of Existing Rights.  This Order shall not diminish any existing obligation or right with respect to Protected Material.

    12.4 <u>No Probative Value</u>.  This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any "CONFIDENTIAL INFORMATION."  The fact that information is designated "Confidential Information" under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.  This Protective Order shall be without prejudice to the right of any party to bring before the Court the question of: (a) whether any particular material is or is not confidential; (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (c) whether any particular information or material is or is not relevant to any issue of this case, provided that in doing so the party complies with the foregoing procedures.  Absent a stipulation of all parties, the fact that information has been designated "CONFIDENTIAL" under this Protective Order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation.  The fact that any information is disclosed, used or produced in discovery or trial herein shall not be construed admissible, or offered in any action or proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is confidential or proprietary.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  March 3, 2015         /s/ Jeremy Golden
                    Jeremy S. Golden
                    Golden & Cardona-Loya, LLP
                    Attorneys for Plaintiff

DATED:  March 3, 2015         /s/ Goli Mahdavi
                    Goli Mahdavi
                    Bryan Cave LLP
                    Attorneys for Defendant

**PURSUANT TO STIPULATION, IT IS ORDERED**

Dated:   3/3/2015            /s/ John A. Mendez
                    Hon. John A. Mendez
                    United States District Court Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Susan E. Jette v. Ocwen Loan Servicing, LLC, et al.*, Case No. 2:14-cv-01451-JAM-CMK.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                         [printed name]

Signature: _____
                         [signature]

237878.1\C080300\0370910                - 11 -

STIPULATED PROTECTIVE ORDER